UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONAL ELECTRICAL
BENEFIT FUND,

      **Plaintiff,**

                                          Civil Action 2:10-mc-18
v.                                       Judge James L. Graham
                                        Magistrate Judge E.A. Preston Deavers

ACJ ELECTRIC, INC.,

      **Defendant.**

## REPORT AND RECOMMENDATION

      This matter is before the Court, by Order of Referral pursuant to 28 U.S.C. § 636(b), for consideration of Plaintiff's Motion for Contempt (ECF No. 5).  Plaintiff moves this Court for an order of contempt against Defendant ACJ Electric, Inc., and its officers, President Glenn H. Kesselring and Vice President William J. Smith, as a result of their failure to comply with the May 25, 2010 Order issued by the United States District Court for the District of Maryland and registered in this Court on July 6, 2010.  This Order requires Defendant to produce its books and records to Plaintiff's auditor and pay any amount of unpaid contributions determined to be due by the auditor.  For the reasons that follow, it is **RECOMMENDED** that the Court enter judgment in favor of Plaintiff in the amount of $60,266.61 plus reasonable attorneys' fees and that Plaintiff's Motion for Contempt be **GRANTED**.

**I.**

      Plaintiff brought this action under the Employee Retirement Income Security Act of 1974, as amended, to recover delinquent pension fund contributions from Defendant, who is an

employer obligated to make pension fund contributions on behalf of its participating employees. Plaintiff alleged that under the terms of the operative Collective Bargaining Agreement, Defendant's failure to timely make pension fund contributions entitled it to audit Defendant's books and records to determine the amount of pension contributions due and to demand payment of any unpaid contributions determined by the auditor.

On May 25, 2010, Plaintiff obtained a judgment in the amount of $7,972.71 against Defendant in the United States District Court for the District of Maryland. (*See* Judgment, ECF No. 3-1.) This amount consisted of delinquent contributions for the period December 2008 through January 2009 and March 2009 through October 2009, interest thereon, liquidated damages, and attorneys' fees and costs. (*Id*. at 4.) In addition to awarding damages, the District of Maryland Court also ordered Defendant to produce its books and records to Plaintiff's auditor for the periods January 2007 to the present to enable Plaintiff to determine the amount of unpaid contributions due for that period. The District of Maryland Court further ordered Defendant to tender to Plaintiff any unpaid contributions determined by Plaintiff's auditor to be due, plus interest thereon, liquidated damages, the cost of the audit, and reasonable attorneys' fees and costs incurred by Plaintiff in connection with the enforcement of this judgment. (*Id*.)

On July 6, 2010, Plaintiff registered the judgment in this Court by filing the Clerk's Certification of Judgment. (ECF No. 3.) On November 18, 2010, Plaintiff's counsel sent a letter to Defendant, demanding that Defendant make arrangements to coordinate the audit in compliance with the District of Maryland Court's Order. When Defendant failed to respond, Plaintiff initiated these contempt proceedings, filing the subject Motion for Contempt. (ECF No. 5.) Plaintiff asks the Court to hold Defendant in contempt until such time it complies with the

District of Maryland Court's Order. In addition to holding Defendant in contempt, Plaintiff also requests that the Court hold Defendant's President, Glenn H. Kesselring, and its Vice President, William J. Smith, in contempt on the basis that as corporate officers, they are the individuals responsible for the corporation's actions and are subject to the Court's orders just as the corporation itself is. In support of its position, Plaintiff relies upon *Electrical Workers Pension Trust Fund of Local Union #58 v. Gary's Electrical Serv. Co.*, 340 F.3d 373 (6th Cir. 2003).

On March 22, 2011, the Court held a hearing to allow Defendant to show cause why it should not be held in contempt. Glenn Kesselring, Defendant's President, appeared for the hearing.[1] At the hearing, Mr. Kesselring represented to the Court that he stood willing and able to produce Defendant's books and to make the corporation available for an audit. He indicated that he did not recall Plaintiff's counsel attempting to contact him. Mr. Kesselring asserted that he believed that a representative of Plaintiff would contact him to arrange the audit. Following the hearing, the Court held Plaintiff's Motion for Contempt in abeyance pending completion of the audit and payment of any past due contributions. The Court instructed that "to the extent Defendant exhibited any contemptuous conduct, it may purge itself of such contempt by producing its records and submitting payment for past-due contributions." (March 24, 2011 Order, ECF No. 14.)

Thereafter, Defendant complied with the audit request. The audit report demonstrated deficiencies and indicated that Defendant owed Plaintiff additional funds. On July 27, 2011, Plaintiff sent Defendant a letter with the audit report, demanding that Plaintiff make payment of

---

[1] The Court advised Mr. Kesselring that, because he is not an attorney, he may not represent the corporation.

the amount owed, $60,266.61, within thirty days.  The Court then ordered Defendant to appear for a hearing to show cause why it should not be held in contempt unless he made payment on or objected to the amount set forth in the audit report.  The day before the hearing, Defendant asked the Court to stay the hearing for forty-five days so that it could obtain counsel and funding.  The Court granted in part and denied in part Defendant's motion, granting Defendant a one-week extension.

The Court held a show cause hearing on September 20, 2011.  Plaintiff presented evidence demonstrating that Defendant presently owes Plaintiff $39,104.90 in principal, $11,208.23 in interest, $7,820.98 in liquidated damages, and $2,132.50 in audit costs.  Defendant did not appear at the hearing or otherwise attempt to show cause why it should not be held in contempt for its failure to comply with this Court's Order or the District of Maryland Court's Order.  This Court is satisfied that Defendant had notice of the hearing, as the notice setting the hearing was delivered by ordinary and certified mail.

## II.

A Court may, in its discretion, hold litigants in contempt when it seeks to enforce its order or supervise its judgment.  *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).  The Supreme Court has explained that contempt power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.  Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory."  *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).  The purpose of the sanction of civil contempt is to encourage compliance with Court orders and/or to compensate the complainant.  *United States v. Bayshore Assocs., Inc.*, 934 F.2d

1391, 1400 (6th Cir. 1991); *Electrical Workers Pension Trust Fund*, 340 F.3d at 385 (citations omitted); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947).

In a contempt proceeding, the movant must produce clear and convincing evidence showing that the respondent "'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)). "Once the movant establishes his *prima facie* case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Electrical Workers Pension Trust Fund*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). To meet this burden, the respondent "must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (internal quotation marks and citation omitted). The Court also considers whether the respondent "took all reasonable steps within [his or her] power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989) (citations omitted).

### III.

As a preliminary matter, the undersigned finds that Plaintiff has established that it is entitled to recover the following amounts from Defendant: $39,104.90 in principal; $11,208.23 in interest; $7,820.98 in liquidated damages; and $2,132.50 in audit costs. Accordingly, the undersigned **RECOMMENDS** that the Court enter judgment in favor of Plaintiff for the foregoing amounts as well as award reasonable attorneys' fees incurred by Plaintiff in connection with these proceedings and in connection with the enforcement of the judgment

awarded.

Turning to the contempt proceedings, the undersigned concludes that Plaintiff has demonstrated by clear and convincing evidence that Defendant has violated this Court's Order and the District of Maryland Court's Order. Initially, Defendant refused produce its books and records to Plaintiff's auditor or pay any unpaid contributions in violation of the District of Maryland Court's Order. This Court instructed Defendant that it could purge itself of contemptuous conduct "by producing its records and submitting payment for past-due contributions." (March 24, 2011 Order, ECF No. 14.) Although Defendant did eventually make its records available, to date, it has refused to tender to Plaintiff the unpaid contributions determined by the auditor. Thus, this Court concludes that Plaintiff has met its burden of establishing civil contempt by Defendant.

Defendant, who was provided notice of Plaintiff's Motion for Contempt, has never entered an appearance or filed a response to Plaintiff's Motion. In addition, Defendant did not appear at the Court's September 20, 2011 show cause hearing. Because Defendant has failed to take any steps to comply with the orders and because it has wholly failed to respond this Court's order to show cause, the undersigned finds that it has failed to meet its burden to show that "it was unable to comply with" or that it "took all reasonable steps . . . to comply with" this Court's Order and the District of Maryland Court's Order. *See Rolex*, 74 F.3d at 720; *Peppers*, 873 F.2d at 968. Thus, Plaintiff's showing of contempt remains uncontroverted. Accordingly, the undersigned **RECOMMENDS** that this Court find Defendant in civil contempt.

The undersigned further **RECOMMENDS** that the Court find Defendant's officers in civil contempt. In *Electrical Workers Pension Trust Fund*, a case nearly identical to the *sub*

6

*judice*, the United States Court of Appeals for the Sixth Circuit concluded that the district court abused its discretion in refusing to hold the defendant-corporation's officer in contempt where the movant had presented evidence that no past-due fringe benefit contributions payments had been made although payments were due. 340 F.3d at 382. The Sixth Circuit explained that the officer of the corporation is the one responsible for the corporation's affairs and was subject to the court's order just as the corporation itself, even though the officer was not a defendant in the action and was not individually ordered to act in the original order. *Id*. The Court concluded that the movant "only needed to show that [the corporation] did not comply with the district court's judgment in order to meet [its] burden" and that the movant met its burden when it presented evidence of the court's judgment and proof that the officer knew of the court's order yet failed to observe it. *Id*. In this case, it is undisputed that Defendant has not complied with this Court's Order and the District of Maryland Court's Order. Further, given Mr. Kesselring's presence at the Court's first show cause hearing, it is clear that Defendant's officers are aware of the orders. Thus, it is **RECOMMENDED** that the Court find Defendant's officers in civil contempt.

Finally, the undersigned **RECOMMENDS** that the Court award monetary sanctions for Defendant and its officers' civil contempt. The undersigned determines that an appropriate fine would be the amount owed, $60,266.61. To be clear, the undersigned is not piercing the corporate veil and recommending that Defendant's officers be held personally responsible for the amount Defendant was ordered to pay. Instead, the undersigned finds that $60,266.61 is an appropriate sanction for the officers' deliberate failure to comply with this Court's Order and the District of Maryland Court's Order in the absence of any showing that they were unable to

comply with the orders. *See Electrical Workers Pension Trust Fund*, 340 F.3d at 386 (indicating that a district court could, without piercing the corporate veil, determine that the proper sanction for a corporate officer's contempt is a fine in the amount of the funds owed, payable to the complainant). The Court notes, as it did in its March 24, 2011 Order, that Defendant and its officers can purge themselves of contempt by submitting payment to Plaintiff in the amount of $60,266.61 and reimbursing Plaintiff for the reasonable attorneys' fees it incurred in connection with these proceedings and in connection with the enforcement of the judgment awarded by the District of Maryland.

## IV.

In sum, the undersigned **RECOMMENDS** that the Court enter judgment in Plaintiff's favor in the amount of $60,266.61, which amount consists of $39,104.90 in principal; $11,208.23 in interest; $7,820.98 in liquidated damages; and $2,132.50 in audit costs, plus an award of reasonable attorneys' fees incurred by Plaintiff in connection with these proceedings and in connection with the enforcement of the judgment awarded.

The undersigned further **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion for Contempt and hold Defendant and its officers in civil contempt, fining them $60,266.61, payable to Plaintiff, as a sanction for their contempt. (ECF No. 5.)

## V.

If Defendant or its officers seek review by the District Judge of this Report and Recommendation, they may, within fourteen (14) days, file objections to the Report and Recommendation, specifically designating the Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant and its officers are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.


Date: September 28, 2011                     /s/ *Elizabeth A. Preston Deavers*
                                                                      Elizabeth A. Preston Deavers
                                                                      United States Magistrate Judge